# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

No. 09-60774
Summary Calendar

Lyle W. Cayce
Clerk

GEORGIA MAYE MCCOY, individually and on behalf of the wrongful death
beneficiaries of N.S. Gordon, Jr.,

Plaintiff - Appellant

v.

LOWNDES COUNTY, MISSISSIPPI; OFFICER MARC WILEY, in his official
and individual capacities; OFFICER ARCHIE WILLIAMS, in his official and
individual capacities; SHERIFF C. B. (BUTCH) HOWARD, in his official and
individual capacities,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1-08-CV-144

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Georgia Maye McCoy, appeals the district court's grant of
summary judgment against her claim under 42 U.S.C. § 1983 seeking damages

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60774

for the death of her son, Nick Gordon.[1]  Having reviewed the parties' arguments and the record in this case, we conclude that the district court committed no reversible error.  The district court did not abuse its discretion by deciding summary judgment without further discovery, as the plaintiff asked for no further discovery and the plaintiff points to no prejudice from the lack of further discovery.  Turning to the merits of the summary judgment decision, the evidence shows that no reasonable jury could conclude that the officers used excessive force.  There were only three witnesses to the altercation, the officers and a third-party witness.  All agree that the altercation lasted approximately four to five minutes and that the officers initially approached Gordon at the top of a staircase after Gordon refused to come down.  The officers say Gordon had a nail gun, which they told him drop, and the witness confirmed that they told him to drop whatever he was holding, though she was unsure what the object was.  When Gordon refused, the officers tased him.  A fight ensued.  The witness said she saw Gordon strike one officer in the head with the object, causing blood to pour from the officer's head.  After successive blows, the officer was unable to get up.  Gordon also hit the other officer multiple times, causing him to stagger.  After the fight continued some more, the officer fired his gun at Gordon twice, at which point Gordon took another swing at the officer.  No reasonable jury could conclude the force in this case was excessive.  Accordingly, the county and the individual defendants are entitled to summary judgment.

The judgment of the district court is

AFFIRMED.

---

[1] The district court also granted summary judgment on state-law claims, but McCoy does not appeal the dismissal of those claims.  Further, we do not address McCoy's contention that her son's rights under the Americans with Disabilities Act were violated, as this claim was never presented to the district court.